# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LULULEMON ATHLETICA CANADA INC., | ) |
| PLAINTIFF, | ) Case No. |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| CALVIN KLEIN, INC. AND G-III APPAREL GROUP, LTD., | ) |
| | ) |
| DEFENDANTS. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff lululemon athletica canada inc. ("lululemon"), by and through their attorneys, bring this Complaint against defendants Calvin Klein, Inc. ("Calvin Klein") and G-III Apparel Group, Ltd. ("G-III") (Calvin Klein and G-III collectively, "Defendants"), and allege as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to the Patent Laws of the United States, 35 U.S.C. §§ 271, *et. seq*.

## PARTIES

2. Plaintiff lululemon is a corporation organized under the laws of the Province of British Columbia, with its principal place of business at 400 – 1818 Cornwall Ave, Vancouver, British Columbia V6J 1C7.  lululemon is a subsidiary of lululemon athletica inc., a corporation organized and existing under the laws of the State of Delaware.

3. Upon information and belief, Defendant Calvin Klein is a corporation organized and existing under the laws of New York with a principal place of business at 205 West 39th Street, New York, New York 10018.

4. Upon information and belief, Defendant G-III is a corporation organized and

existing under the laws of the State of Delaware, with a principal place of business located at 512 Seventh Avenue, New York, New York 10018.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.  The Court has personal jurisdiction over G-III because G-III is a corporation incorporated in the State of Delaware.

7.  Upon information and belief, the Court has personal jurisdiction over Defendants because specific acts of infringement occurred within this judicial district.

8.  Upon information and belief, Defendants are doing business in this judicial district and the Court has personal jurisdiction for this additional reason.

9.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## GENERAL ALLEGATIONS

10.  lululemon was founded in 1998 as a small store that shared retail space with a yoga studio.  As a pioneer and innovator of yoga and exercise pants, lululemon successfully grew from its humble beginnings into a large corporation with stores all over the world.  As of January 29, 2012, lululemon has 47 stores in Canada, 108 stores in the United States, 18 stores in Australia and one in New Zealand.

11.  lululemon stores also have strong ties to local communities by, for example, hosting events including complimentary yoga classes.  lululemon's strong ties to its communities, quality products, and proprietary designs set it apart from other retailers.

12.  On September 27, 2011, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. D645,644 (the "'644 Patent"), entitled "Pants."  A true and correct copy of the '644 Patent is attached hereto as Exhibit A.  lululemon is the owner of the entire right, title, and interest in and to the '644 Patent.  lululemon owned the

'644 Patent throughout the period of the Defendants' infringing acts and still owns the patent.

13. On June 19, 2012, the USPTO duly and legally issued U.S. Patent No. D661,872 (the "'872 Patent"), entitled "Pants." A true and correct copy of the '872 Patent is attached hereto as Exhibit B. lululemon is the owner of the entire right, title, and interest in and to the '872 Patent. lululemon owned the '872 Patent throughout the period of the Defendants' infringing acts and still owns the patent.

14. On June 26, 2012, the USPTO duly and legally issued U.S. Patent No. D662,281 (the "'281 Patent"), entitled "Pants." A true and correct copy of the '281 Patent is attached hereto as Exhibit C. lululemon is the owner of the entire right, title, and interest in and to the '281 Patent. lululemon owned the '281 Patent throughout the period of the Defendants' infringing acts and still owns the patent.

15. Certain Calvin Klein bottoms marketed under the "Performance" brand infringe the '644 Patent, the '872 Patent, and the '281 Patent (collectively, the "Patents-in-Suit"). These bottoms include, but are not limited to, Style No. 11516241, "performance knee length running tights," and Style No. 11516196, "performance compression overlapping waistband pants" (the "Accused Products").

16. In a letter dated July 5, 2012, counsel for lululemon provided written notice to Calvin Klein of its infringement of the Patents-in-Suit. lululemon specifically identified Calvin Klein Style PF2P6241 (or 11516241), marked as "performance knee length running tights" as infringing the Patents-in-Suit.

17. Upon information and belief, Calvin Klein became aware of the July 5, 2012 infringement allegations and the Patents-in-Suit on or about July 5, 2012.

18. Calvin Klein offers the Accused Products for sale at the following websites: http://www.calvinklein.com/product/index.jsp?productId=12602975 and http://www.calvinklein.com/product/index.jsp?productId=12582241.

19.     In a letter dated July 31, 2012, counsel for G-III responded to the July 5, 2012 letter on behalf of the Defendants.  G-III's response did not resolve the dispute.

20.     Upon information and belief, G-III became aware of the July 5, 2012 infringement allegations and the Patents-in-Suit before July 31, 2012.

21.     Upon information and belief, G-III manufactures and supplies the Accused Products to Calvin Klein.

22.     Upon information and belief, G-III neither manufactures nor supplies the Accused Products to any party other than Calvin Klein.

23.     Calvin Klein offers for sale and sells the Accused Products to customers.

24.     Calvin Klein indirectly infringes the Patents-in-Suit because its customers use the Accused Products.

25.     Upon information and belief, G-III offers to sell and sells the Accused Products to Calvin Klein with the specific intent to induce infringement of the Patents-in-Suit.

26.     Upon information and belief, Calvin Klein offers to sell and sells the Accused Products to customers with the specific intent to induce infringement of the Patents-in-Suit.

27.     Upon information and belief, the Defendants had knowledge that the Accused Products is especially made or especially adapted for use in an infringement of the Patents-in-Suit and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

28.     lululemon sells products in the United States that embody the Patents-in-Suit, including under the brand name Astro Pant™.

29.     The Defendants have infringed and are still infringing, directly and indirectly, the Patents-in-Suit by making, using, offering to sell, selling and/or importing pant products that embody the Patents-in-Suit including, but not limited to, the Accused Products.

30.     The Defendants continue to sell the Accused Products despite an objectively high

likelihood that their actions constitute infringement of the Patents-in-Suit. The Defendants knew or should have known that their actions constituted direct and indirect infringement of the Patents-in-Suit.

31. The Defendants will continue to infringe the Patents-in-Suit unless enjoined by this Court.

## COUNT I
### (Infringement Of The '644 Patent)

32. lululemon repeats and incorporates by reference the previous paragraphs of this Complaint as if set forth in full herein.

33. The Accused Products infringes the '644 Patent because it includes substantially the same design elements as claimed and shown in at least Figures 5-8 of the '644 Patent. The Accused Products includes substantially the same waistband design elements and pant style as shown and claimed in the '644 Patent.

34. The Defendants have directly and indirectly infringed and are still directly and indirectly infringing the '644 Patent by making, using, offering to sell, selling and/or importing pant products that embody the '644 Patent including, but not limited to, the Accused Products. The Defendants will continue to infringe the '644 Patent unless enjoined by this Court.

35. Defendants' infringement has irreparably injured lululemon and will continue to injure lululemon unless and until the Court enters an injunction prohibiting further infringement, and specifically enjoins further manufacture, use, offers for sale, sale and importation of Defendants' products that fall within the scope of the '644 Patent.

36. Defendants' infringement of the `644 Patent has been and continues to be willful and deliberate.

37. The Defendants had actual notice of the '644 patent and, despite that notice, the Defendants have persisted in infringing the '644 patent. The Defendants have acted despite an

objectively high likelihood that their actions constitute infringement of the '644 patent, and knew or should have known of the risk associated with their deliberate actions.

38.  The Defendants' infringement has injured lululemon, and lululemon is entitled to recover damages adequate to compensate for such infringement, including, but not limited to, lost profits, a reasonable royalty award, disgorgement of the profits received by Defendants, treble damages, costs, pre and post judgment interest at the maximum allowable rate, attorneys' fees, and such other and further relief this Court deems just and proper.

### COUNT II
### (Infringement Of The '872 Patent)

39.  lululemon repeats and incorporates by reference the previous paragraphs of this Complaint as if set forth in full herein.

40.  The Accused Products infringes the '872 Patent because it includes substantially the same design elements as claimed and shown in the Figures of the '872 Patent.  The Accused Products includes substantially the same waistband design elements as shown and claimed in the '872 Patent.

41.  The Defendants have directly and indirectly infringed and are still directly and indirectly infringing the '872 Patent by making, using, offering to sell, selling and/or importing pant products that embody the '872 Patent including, but not limited to, the Accused Products. The Defendants will continue to infringe the '872 Patent unless enjoined by this Court.

42.  Defendants' infringement has irreparably injured lululemon and will continue to injure lululemon unless and until the Court enters an injunction prohibiting further infringement, and specifically enjoins further manufacture, use, offers for sale, sale and importation of Defendants' products that fall within the scope of the '872 Patent.

43.  Defendants' infringement of the `872 Patent has been and continues to be willful and deliberate.

44. The Defendants had actual notice of the '872 patent and, despite that notice, the Defendants have persisted in infringing the '872 patent. The Defendants have acted despite an objectively high likelihood that their actions constitute infringement of the '872 patent, and knew or should have known of the risk associated with their deliberate actions.

45. The Defendants' infringement has injured lululemon, and lululemon is entitled to recover damages adequate to compensate for such infringement, including, but not limited to, lost profits, a reasonable royalty award, disgorgement of the profits received by Defendants, treble damages, costs, pre and post judgment interest at the maximum allowable rate, attorneys' fees, and such other and further relief this Court deems just and proper.

## COUNT III
### (Infringement Of The '281 Patent)

46. lululemon repeats and incorporates by reference the previous paragraphs of this Complaint as if set forth in full herein.

47. The Accused Products infringes the '281 Patent because it includes substantially the same design elements as claimed and shown in at least Figures 6-10 of the '281 Patent. The Accused Products includes substantially the same waistband design elements and pant style as shown and claimed in the '281 Patent.

48. The Defendants have directly and indirectly infringed and are still directly and indirectly infringing the '281 Patent by making, using, offering to sell, selling and/or importing pant products that embody the '281 Patent including, but not limited to, the Accused Products. The Defendants will continue to infringe the '281 Patent unless enjoined by this Court.

49. Defendants' infringement has irreparably injured lululemon and will continue to injure lululemon unless and until the Court enters an injunction prohibiting further infringement, and specifically enjoins further manufacture, use, offers for sale, sale and importation of Defendants' products that fall within the scope of the '281 Patent.

50. Defendants' infringement of the `281 Patent has been and continues to be willful and deliberate.

51. The Defendants had actual notice of the '281 patent and, despite that notice, the Defendants have persisted in infringing the '281 patent. The Defendants have acted despite an objectively high likelihood that their actions constitute infringement of the '281 patent, and knew or should have known of the risk associated with their deliberate actions.

52. The Defendants' infringement has injured lululemon, and lululemon is entitled to recover damages adequate to compensate for such infringement, including, but not limited to, lost profits, a reasonable royalty award, disgorgement of the profits received by Defendants, treble damages, costs, pre and post judgment interest at the maximum allowable rate, attorneys' fees, and such other and further relief this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request the Court for the following relief:

A. A judgment that the Defendants have infringed the '644 Patent;

B. A judgment that the Defendants have infringed the '872 Patent;

C. A judgment that the Defendants have infringed the '281 Patent;

D. A permanent injunction prohibiting Defendants, their predecessors, successors, parents, subsidiaries, and affiliates thereof, including, but not limited to, all past or present directors, officers, agents, servants, employees, attorneys, representatives, and those persons in active concert or participation with them who receive actual notice of the Order, from committing further acts of infringement;

E. An award of damages to lululemon, including via 35 U.S.C. § 289 and an increase in damages under 28 U.S.C. § 284, together with prejudgment interest from the date the infringement began and post-judgment interest;

F. Declaring that the Defendants have willfully infringed one or more claims of the

      Patents-in-Suit;

G. A finding that this case is "exceptional" within the meaning of 35 U.S.C. § 285, and an award to lululemon of their reasonable attorney fees and expenses;

H. An award of costs to lululemon; and

I. Such other and further relief as this Court deems proper and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), plaintiffs hereby demand a trial by a jury on all issues so triable.

Dated: August 13, 2012                        DLA Piper LLP (US)

                                                                                        */s/ Denise S. Kraft*
                                                           Denise S. Kraft (I.D. No. 2778)
                                                           Aleine Porterfield (I.D. No. 5053)
                                                           919 N. Market Street, Suite 1500
                                                           Wilmington, DE 19801
                                                           Phone: 302-468-5645
                                                           Facsimile: 302-778-7917
                                                           denise.kraft@dlapiper.com
                                                           aleine.porterfield@dlapiper.com

                                                           *Attorneys for Plaintiff lululemon athletica canada Inc.*

**OF COUNSEL**:

Paul A. Taufer
Michael L. Burns
DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
Phone: (215) 656-3385
Fax: (215) 606-3385
paul.taufer@dlapiper.com
michael.burns@dlapiper.com

*Attorneys for Plaintiff lululemon athletica canada inc.*

EAST\49954667.1